GLEASON, Respondent, vs. BURROUGHS, imp., Appellant.

*April 24 — May 15, 1895.*

*Deeds: Construction: Right of way: Enlarging specific description.*

1.  A conveyance of a right of way "on foot and with teams" over certain land of the grantor gave a right to the unobstructed use of a strip of reasonable width for the passage of teams; and, the conveyance having been at once recorded, such right could not be impaired by any subsequent conveyance of the fee.
2.  A reservation by the grantor of a right of way across the northerly end of a tract conveyed by metes and bounds, for the purpose of repairing a mill race, and a condition in the deed that the grantee should build an embankment on and across the northerly end of the premises, along the southeasterly side of the mill race, ten feet in width, and keep it in repair, did not extend the terms of the grant so as to make it include a strip lying between the mill race and the land specifically conveyed.

APPEAL from a judgment of the circuit court for Waukesha
·county: GEO. CLEMENTSON, Judge.  *Affirmed.*

Action for abatement of a private nuisance and for dam-
·ages for the maintenance of the same.  The nuisance com-
plained of consisted of a tight board fence erected by
·defendant, which encroached upon a private right of way
·owned by the plaintiff, so as to leave the way but seven feet
in width at one end and seriously impair its usefulness for
passage with teams.

The action was tried by the court without a jury.  The
facts appeared to be as follows: In May, 1887, the plaint-
iff purchased of one Littlejohn, the owner thereof, a tract of
Mill Reserve lands about two acres in extent, and about
:sixty feet distant from Bridge street in the village of Wau-
kesha.  November 25, 1887, Littlejohn also conveyed to the
plaintiff the right and privilege of ingress and egress to and
from said lands, on the northerly side thereof, between the
same and Bridge street, on, over, and upon the bank bound-
ing said lands on the north, on foot and *with teams.*  This
·deed was recorded on the same day.  This right of way ran
·along the mill-race bank, and it appeared that, in order to
be reasonably useful for passage of teams, a width of ten
feet was requisite.  The defendant had been for years the
·owner of a tract of land south of the mill-race bank, by
virtue of deeds from one Kimball, who was the common
:source of title.  The tract so owned by her was conveyed
to her by metes and bounds, which, if followed, did not cover
·any part of the right of way above described, but the deed
·also contained a reservation to the grantor of a right of way
·across the northerly end of the parcel, for the purpose of
·repairing the mill race; also a condition that the grantee
:should build an embankment on and across the northerly
end of the premises, along the southeasterly side of the mill
race, ten feet in width, and keep it in repair, with a pro-
vision for reversion of the title in case of failure.

From these provisions and conditions it is argued by the defendant that the deed should be construed as conveying all the land to the mill race, thus covering the alleged right of way. It is undisputed that, if the defendant did not own to the mill race, then Littlejohn owned the fee of the land between the defendant's parcel and the mill race. There seems to have been some controversy as to the matter, and, in order to settle it, Littlejohn and the defendant, by their agents, met on the grounds, and agreed orally on the limits of the defendant's lot, and marked the points at each end, by which the right of way was to be ten feet wide at one end and fourteen feet at the other, and the defendant was to receive all the land up to the right of way so located, consisting of a small strip adjoining the piece described by metes and bounds in her deed, one foot wide at one end and six feet at the other. To carry out this oral arrangement, a quitclaim deed was executed by Littlejohn to the defendant in November, 1892, in which the land quitclaimed is described by metes and bounds, and by mistake, apparently, such description extends three feet over the agreed line, and cuts the right of way down to a width of seven feet at the Bridge street end. Upon this line the defendant built a high board fence, and it is about twenty feet of this fence which the plaintiff claims is a nuisance.

The trial court found the facts substantially as above set forth, and adjudged the abatement and removal of the fence so far as it encroached upon the ten-foot right of way, with nominal damages for its maintenance, and the defendant appealed.

For the appellant there were briefs by *Ryan & Merton*, and oral argument by *E. Merton*.

*D. S. Tullar*, for the respondent.

WINSLOW, J. The evidence seems to fully sustain the findings of fact made by the trial judge. It was clearly

shown that the necessary width of a right of way for teams was ten feet. The deed, therefore, made by Littlejohn to the plaintiff in November, 1887, and at once recorded, conveyed a right of way over ten feet of land adjoining the race; and if Littlejohn then owned that strip of land the plaintiff acquired a right of way which no subsequent deed of the fee could affect. The subsequent deed made by Littlejohn to the defendant, which in terms attempts to convey a part of this strip, cannot in the least impair the plaintiff's right to the free and unobstructed use of his right of way.

The claim that the defendant owns the land to the bank of the mill race, by virtue of her title derived from Kimball, cannot be maintained. The lands conveyed by this deed are described by distances and measurements from a certain lot in the recorded plat of the village of Waukesha, and not by monuments or natural objects. These measurements and distances do not reach or touch upon the ten-foot strip in question. The fact that a right of way is reserved across the north end of the piece deeded, and that there is a provision that she must build and maintain an embankment thereon, does not extend the terms of the grant. There is nothing in the deed which shows an intention to convey any greater amount of land than is specifically included in the distances and measurements. Nor does the evidence show any title acquired by the defendant by adverse possession. This being the case, the defendant's fence was clearly an encroachment on the plaintiff's right of way.

*By the Court.*— Judgment affirmed.